IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL TREMAINE SCHEXNAYDER (Dallas Cnty. Jail Book-In # 19036601), Plaintiff, V. TINA YOO CLINTON, Judge, Defendant. | § § § § § § § § § § § § § No. 3:19-cv-2947-S-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Michael Tremaine Schexnayder, detained pretrial at the Dallas County jail, brings this *pro se* action against the judge presumably presiding over his state criminal proceedings. *See* Dkt. No. 3. His action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from the presiding United States district judge. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action without prejudice to Schexnayder's right to pursue available state court remedies.

Schexnayder stands charged in state court in Dallas County with aggravated robbery, *see* Case No. F19-31190, and assault of a public servant, *see* Case No. F19-31195. And, through this action, he seeks a declaratory judgment and injunctive relief, requesting that the Court "declare" – among other things – his "legal status as a secured party creditor"; "the denial of a Speedy Trial"; "all [state criminal] proceedings

and procedures to be unconstitutional [due] to the court never establishing personal jurisdiction"; and that it is "unconstitutional for Judge Tina Yoo Clinton to not comply with a contract" that Schexnayder contends to be proper. Dkt. No. 3. He further requests that the Court hold a hearing to determine personal jurisdiction and, if it cannot be established, that the Court dismiss his state criminal proceedings. *See id.*

To the extent that Schexnayder requests that the Court compel a state judge or other state official to act, the federal mandamus statute, 28 U.S.C. § 1361, provides "district courts [with] original jurisdiction of any action in the nature of mandamus to compel an officer or agency of the United States or any agency thereof to perform a duty owed to the plaintiff." *Id.*

> Although the federal writ of mandamus technically has been abolished, the court has the power to compel a federal officer to perform a duty under 28 U.S.C. § 1361. *Arnold v. Blast Intermediate Unit 17*, 843 F.2d 122, 125 n.4 (3d Cir. 1988). Statutory mandamus, like its common-law predecessor, is "intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984).

*Brown v. Beard*, No. 4:CV-09-0136, 2009 WL 498630, at *2 (M.D. Penn. Feb. 25, 2009).

But the Court may not use the federal mandamus statute in the manner that Schexnayder appears to request – to compel state officials to act – because "[f]ederal courts lack the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties." *Moore v. 204th Dist. Ct.*, No. 3:08-cv-2281-D, 2009 WL 3150983, at *3 (N.D. Tex. Sept. 29, 2009) (citing *Moye v. Clerk, Dekalb Cnty. Sup. Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973)); *see also, e.g., George*

*v. Harson*, Civ. A. No. 07-1270, 2007 WL 4896419, at *2 (W.D. La. Oct. 17, 2007) ("[T]o the extent that plaintiff seeks to invoke the mandamus jurisdiction of this court, such a claim is likewise subject to dismissal as frivolous.... Judge Duplantier, District Attorney Harson, Assistant District Attorney Edwards and Public Defender Thibodeaux are not officers or employees of the United States. Plaintiff is clearly not entitled to mandamus.").

And, because "a writ of mandamus 'is not an independent civil action, but may be considered a type of appeal,' ... the nature of the underlying action [determines] the applicability of" provisions such as the Prison Litigation Reform Act's ("PLRA") amendments to 28 U.S.C. § 1915. *In re Crittenden*, 143 F.3d 919, 920 (5th Cir. 1998) (per curiam) (quoting *In re Stone*, 118 F.3d 1032, 1033 (5th Cir. 1997)); *see, e.g., In re Jacobs*, 213 F.3d 289, 289 (5th Cir. 2000) (per curiam) ("The nature of the underlying action determines whether the fee requirements of the PLRA are to apply in mandamus cases. [If] the underlying action [ ] is a civil case, the PLRA fee requirements apply." (citations omitted)).

The actions underlying Schexnayder's writ are state criminal proceedings – and he requests that the Court dismiss those proceedings against him, not initiate new or separate proceedings – so this action should not be classified as a civil action subject to the PLRA. *See, e.g., Banks v. Hornak*, 698 F. App'x 731, 738 (4th Cir. 2017) ("[P]etitions filed in underlying *civil* proceedings are "civil actions" but those filed in underlying *criminal* proceedings are not." (citing *Stone*, 118 F.3d at 1034 & n.2; citations omitted; emphasis in original)).

Further, to the extent that Schexnayder now asserts constitutional claims that implicate his ongoing state criminal proceedings, "[a] state pretrial detainee is entitled to raise constitutional claims in a federal habeas proceeding under [28 U.S.C.] § 2241 if two requirements are satisfied." *Ray v. Quarterman*, No. 3:06-cv-850-L, 2006 WL 2842122, at *1 (N.D. Tex. July 24, 2006), *rec. adopted*, 2006 WL 2844129 (N.D. Tex. Sept. 29, 2006).

Schexnayder's incarceration in Dallas County satisfies the initial "in custody" requirement. *See id.*

But he must also exhaust "his available state remedies." *Id.* at *1 & n.1 (explaining that, "[d]espite the absence of an exhaustion requirement in the statutory language of § 2241, the courts have developed an exhaustion doctrine, holding that federal courts should abstain from the exercise of jurisdiction until the issues are resolved in state court"; citing *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Braden v. 30th Judicial Circuit Ct of Ky.*, 410 U.S. 484, 489-92 (1973)); *see also Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1973) ("With respect to collateral attack on convictions in state court, the requirement was codified in 28 U.S.C. § 2254(b), but the requirement applies to all habeas corpus actions.").

> State remedies are ordinarily not considered exhausted so long as the petitioner may effectively present his claims to the state courts by an currently available and adequate procedure. *Braden,* 410 U.S. at 489. This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir . 1982). A Texas pretrial detainee must present his claim to the Texas Court of Criminal Appeals. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).

> A petitioner may be excused from the exhaustion requirement only if he can show "exceptional circumstances of peculiar urgency." *Deters*, 985 F.2d at 795. Absent exceptional circumstances, a pre-trial detainee may not adjudicate the merits of his claims before a judgment of conviction has been entered by a state court. *Braden*, 410 U.S. at 489.

*Ray*, 2006 WL 2842122, at *1; *see also Braden*, 410 U.S. at 493 ("Derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed.).

Schexnayder has failed to make this showing.

### Recommendation

The Court should dismiss this action without prejudice to Plaintiff Michael Tremaine Schexnayder's right to pursue available state court remedies for the reasons explained above.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 17, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE